IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| In the Matter of the Search of: 5374 N. Mesquite Bosque Way, <br><br>Defendant. | Search Warrant No. 05-195m <br> CR 95-646-TUC-DCB (HCE) <br><br>**REPORT AND RECOMMENDATION** |

On behalf of Bryan Freed rightful owner/occupant of the above-referenced property, counsel has filed a Motion for Release of Property pursuant to Fed.R.Crim.P. 41(g) and 18 U.S.C. § 983.

FACTS:

On May 20, 2005, the undersigned Magistrate Judge issued Search Warrant No. 05-195m based on probable cause for the above-referenced property. On May 26, 2005, the property at 5374 N. Mesquite Bosque Way was searched. Seized during the execution of the search

1

warrant was jewelry with a value of $13,500.00; $5,300.00 in U.S. currency;[1] and a 2003 Cadillac CTS-V6.  (Motion, Attachment)

   The Movant filed a timely claim with the U.S. Department of Justice-Drug Enforcement Administration-Office of Operations Management pursuant to 18 U.S.C. § 983(a)(1)(F)(2)(A). (Motion, p.1) On August 10, 2005, Movant was notified that that claim had been accepted and directed to the U.S. Attorney-Civil Division for the District of Arizona. (Id.)  The Government had until October 27, 2005 to file a complaint to forfeit the seized property but did not do so. (TR. 15)  Movant corresponded with DEA Agent Ballou on November 21, 2005 asking for return of the property notwithstanding having been advised by DEA on August 10, 2005 to "direct all inquiries regarding this matter to [the United States Attorney for the Civil Division]."  (Motion, Attachment)  Movant filed his Motion for Release of Property based on Rule 41(g) and 18 U.S.C. § 983 on November 30, 2005 in reference to Search Warrant No. 05-195m and an unrelated criminal case number wherein the Movant had been previously named.  According to the Government, seizure warrants for the same property were issued by the State of Arizona on December 2, 2005.  (Government's Response, p.1)  This matter came on for hearing on December 14, 2005.

   As of December 14, 2005, no federal indictment had issued and the Government had declined federal judicial forfeiture.

---

[1] An August 10, 2005 notice from the U.S. Department of Justice-Drug Enforcement Administration-Office of Operations Management indicates that $5,300.00 was seized. (Motion, Attachment) Movant asks for return of $8,868.00 in U.S. currency. (Motion, p.1) It is unclear how Movant arrived at the $8,868.00 figure.

DISCUSSION

Federal Rule of Criminal Procedure 41(e) formerly covered motions to return property. This Rule was amended in 2002 and is now relegated to Rule 41(g)

> ...as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only..."

Fed.R.Crim.P. 41 note on 2002 amendments. Thus, the substance of the Rule has not changed despite its amendment.

### 1. Magistrate Judge Authority and District Court Jurisdiction

Neither the Movant nor the Government challenges the authority of the Magistrate Judge to consider a Rule 41(g) motion. Nevertheless, the issue should be addressed.

In the event that a post-indictment Rule 41(g) motion is filed, jurisdiction can be conferred on the magistrate judge by order of the district court pursuant to 28 U.S.C. § 636(b); if the motion is filed as a civil action, jurisdiction can be conferred on the magistrate judge by consent of the parties pursuant to 28 U.S.C. § 636(c). *In the Matter of the Search of 6731 Kennedy Ave.,* 131 F.R.D. 149 (N.D. Ind. 1990). Nonetheless, in the absence of pending criminal or civil forfeiture proceedings, the district court has jurisdiction to entertain a Rule 41(g) motion. Such motions are treated as civil equitable proceedings and the district court must exercise caution and restraint before assuming jurisdiction. *Ramsden v. United States,* 2 F.3d 322, 324 (9th Cir. 1993) (citing *Kitty's East v. United States,* 905 F.2d 1367, 1370 (10th Cir. 1990)); *United States v. Martinson,* 809 F.2d 1364, 1366-67 (9th Cir. 1987). To prevent district courts from exercising equitable jurisdiction too liberally, four factors must be

considered before the merits of the motion can be reached:

> (1) whether the Government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of his grievance.

*Ramsden,* 2 F.3d at 324-325 (citing *Richey v. Smith,* 515 F.2d 1239 (5th Cir. 1975)).

If the "balance of equities tilts in favor of reaching the merits" of the Rule 41(g) motion, then the district court should exercise its jurisdiction to entertain the motion. *Id.* at 326; *see also United States v. Kama,* 394 F.3d 1236 (9th Cir. 2005).

No showing has been made that the property in question was seized with callous disregard. Unlike a warrantless search necessitating an exception, such as exigency, the property in question was seized consonant with constitutional dictates. *Ramsden,* 2 F.3d at 325. No showing has been made that the Movant has an interest and need for the return of the jewelry, U.S. currency, and 2003 Cadillac. No showing has been made that the Movant would be irreparably injured if return of the property was denied. The Government maintains that the Movant is provided with an adequate remedy at law in the State forum because the Government is neither prosecuting the Movant nor initiating forfeiture proceedings in the U.S. District Court.

If the property is in the hands of State of Arizona officials, then the question of its return may be moot. *See United States v. White,* 718 F.2d 260, 267 (8th Cir. 1983) (per curiam); *United States v. Prevatt,* 414 F.2d 239, 240-241 (5th Cir. 1969) (per curiam). That potential does not necessarily eliminate the District Court's duty and jurisdiction to return the property

after the Government's need for it ends. *United States v. Wilson,* 540 F.2d 1100, 1104 (D.C. Cir. 1976). The Government should not by its conduct be able to deprive one of a remedy and render powerless the court that could grant that remedy. *Martinson,* 809 F.2d at 1368; *United States v. Palmer,* 565 F.2d 1063 (9th Cir. 1977) (superseded by statute on other grounds *see United States v. Mills,* 992 F.2d 609 (9th Cir. 1993)). Otherwise, the Government could moot a motion for return of property by giving property away or destroying it and thus encouraging unilateral nonjudicial conduct. *See Martinson,* 809 F.2d at 1368; *United States v. Frank,* 763 F.2d 551, 553 (3rd Cir. 1985) (IRS converting contested check to cash does not remove jurisdiction over proceeds); *United States v. Francis,* 646 F.2d 251, 262-63 (6th Cir. 1981) (motion for return of money not mooted by government's giving it to state; question of whether it did so lawfully remains); *United States v. Wright,* 610 F.2d 930, 938 (D.C. 1979) (irrelevant that money which was subject to motion not in possession of government); *Wilson,* 540 F.2d at 1104 (existence of civil remedies does not eliminate the court's duty and jurisdiction to return property as government's need for it ends).

2. Improvident Filing

There is no pending criminal case in U.S. District Court arising from the seized property. There is also no closed criminal case number, magistrate case number, miscellaneous case number or any other active case number in U.S. District Court related to the seized property. Consequently, this action, which was improvidently filed under the case number of a closed and unrelated case to the property at issue, must be filed as a civil action and assigned a corresponding civil case number. *See In the Matter of the Search of 6731 Kennedy Ave.,* 131

F.R.D. 149 (dismissing motion for return of property and requiring movant to file civil case where no criminal charges were pending on district court docket and movant had originally filed motion under search warrant number) Before the District Court may exercise its equitable jurisdiction to address the Movant's Motion for Release of Property or the Government's conduct, the action must be properly filed as a civil matter and the *Ramsden* four-factor threshold met.

**RECOMMENDATION**

For the foregoing reasons the Magistrate Judge recommends that the District Court: (1) decline to exercise its equitable jurisdiction at this time; and (2) dismiss the Motion for Release of Property without prejudice with leave to refile such Motion as a new civil matter with a corresponding civil case number assigned.

Pursuant to 28 U.S.C. §636(B) any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: CR 95-646-TUC-DCB/ Search Warrant No. 05-195m.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be waived.

/ / / /

/ / / /

/ / / /

/ / / /

The Clerk is directed to send a copy of this Report and Recommendation to the parties and/or their counsel.

DATED this 23rd day of December, 2005.

*[signature]*
Héctor C. Estrada
United States Magistrate Judge